UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| ATCO MASONRY LLC, | ) ) ) |
| Defendant. | ) |

Case No. 4:25-mc-04010-SLD-RLH

ORDER

Before the Court are Plaintiff Bricklayers & Trowel Trades International Pension Fund's (the "Pension Fund") motion to compel delivery of assets, ECF No. 11, and Magistrate Judge Ronald L. Hanna's report and recommendation ("R&R"), ECF No. 14, recommending that the Court grant the Pension Fund's motion. For the reasons that follow, the R&R is ADOPTED and the Pension Fund's motion to compel delivery of assets is GRANTED.

When assigned to review a dispositive motion, a magistrate judge must promptly conduct the required proceedings, make a record of all evidentiary proceedings, and enter a recommended disposition. Fed. R. Civ. P. 72(b)(1).[1] A district court reviews *de novo* any

---

[1] Rule 72 formally applies only to pretrial orders. However, under the Federal Magistrates Act, 28 U.S.C. § 636, magistrate judges also have the power, upon designation "to conduct hearings, including evidentiary hearings," *id.* § 636(b)(1)(B), and perform upon assignment "such additional duties as are not inconsistent with the Constitution and laws of the United States," *id.* § 636(b)(3). The Federal Magistrates Act also requires each district court to "establish rules pursuant to which the magistrate judges shall discharge their duties." *Id.* § 636(b)(4). Following this statutory mandate, the Central District of Illinois's Local Rules authorize magistrate judges to "conduct examinations of judgment debtors, in accordance with Rule 69 of the Federal Rules of Civil Procedure." Civil LR 72.1(A)(19). The Local Rules then incorporate the procedure and standards outlined in Federal Rule of Civil Procedure 72 as the relevant rule whenever district courts review R&Rs concerning dispositive motions. *See* Civil LR 72.2(B); *see also United States v. Henson*, 127 F.4th 1054, 1058 (7th Cir. 2025) ("[W]e find the numbering and back-to-back placement of Local Rules 72.1 and 72.2 imply they are meant to work in tandem."). Consequently, the Court evaluates Magistrate Judge Hanna's R&R under the standards set out by Rule 72 and the case law applying it. *Cf.* Federal Practice & Procedure § 3068.1 (3d ed. Sept. 2025 Update) (noting that "the . . . standard of review" for "objections to [a] magistrate judge's handling of nonpretrial matters" is an open question because "[n]either the

portion of the magistrate judge's recommended disposition that has been properly objected to, Fed. R. Civ. P. 72(b)(3). "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

The Pension Fund received a judgment against Defendant ATCO Masonry LLC ("ATCO") in the United States District Court for the District of Columbia on March 5, 2025. *See generally* Order, Registration of Foreign J. Ex. 1, ECF No. 1-1. The next month, it registered the judgment in this Court. *See* Registration of Foreign J., ECF No. 1. Pursuant to 735 ILCS 5/2-1402, the Pension Fund then served a citation on Tompkins State Bank (the "Bank") to discover any assets of ATCO held by the Bank. The Bank disclosed that ATCO held $15,389.64 with the Bank across two accounts. *See* Resp. Citation Proceedings, Mot. Compel Ex. 1, ECF No. 11-1. The Pension Fund moves to compel delivery of these assets in partial satisfaction of the outstanding judgment against ATCO.

Magistrate Judge Hanna entered the pending R&R in accordance with Federal Rule Civil Procedure 72(b)(1). The ultimate question is "whether a third party is holding assets of the judgment debtor that should be applied to satisfy the judgment." *Pyshos v. Heart-Land Dev. Co.*, 630 N.E.2d 1054, 1057 (Ill. App. Ct. 1994). The R&R concludes that the Pension Fund has satisfied its requirement to present some evidence that the Bank in fact possesses ATCO's assets. *See* R&R 3. It therefore recommends that the Court grant the Pension Fund's motion to deliver assets. *Id.* No objections were filed following the entry of this R&R.

After reviewing Magistrate Judge Ronald L. Hanna's report and recommendation, the record, and the applicable law, the Court finds no clear error. Accordingly, the report and

---

statute nor Rule 72 explicitly sets out the procedure for resolving [such] objections" and suggesting that courts should consider whether the matter should be viewed as "dispositive" and follow Rule 72's standards accordingly).

recommendation, ECF No. 14, is ADOPTED in its entirety. Plaintiff Bricklayers & Trowel Trades International Pension Fund's motion to compel delivery of assets, ECF No. 11, is GRANTED.

Within ten days of being served with a copy of this Order, Citation Respondent Tompkins State Bank shall deliver certified funds from the accounts held by ATCO Masonry LLC in the amount of $15,389.64, in a draft made payable to the Bricklayers & Trowel Trades International Pension Fund, to its attorneys c/o Jeffrey A. Krol at the following address: Johnson & Krol, LLC, 311 South Wacker Drive, Suite 1050, Chicago, Illinois 60606.

Entered this 27th day of October, 2025.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE